# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

DAXTON MARTINEZ,

      Plaintiff,

     vs.                        Case No. 1:20-cv-01278-KWR-SCY

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Plaintiff's Court upon Daxton Martinez's Motion to Remand (**Doc. 6**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is **NOT WELL-TAKEN** and, therefore, is **DENIED**.

## BACKGROUND

This is an insurance coverage dispute between an insurer and a third-party claimant. In the underlying state court case, the estate of Devon Martinez sued the alleged tortfeasors. *Murphy, et al. v. Leal, et al.,* D-101-cv-2017-02675, First Judicial District Court, State of New Mexico. Plaintiff, Daxton Martinez, intervened in that case, claiming damage for Negligent Inflection of Emotional Distress arising from witnessing his brother Devon being struck and killed by an underinsured motorist.

There are two declaratory actions to determine insurance coverage pending in this court. On November 2, 2020, State Farm filed its own declaratory judgment action in the United States District Court for the District of New Mexico. *State Farm Fire and Casualty Company v. Daxton Martinez,* No. 1:20-cv-01134 KWR/SCY. That case was transferred to the undersigned.

Mr. Martinez subsequently filed this declaratory judgment action in a different state district court. *Daxton Martinez v. State Farm Fire and Casualty Company,* D-202-cv-2020-06140, Second Judicial District Court, New Mexico. State Farm removed this case to federal court.

Mr. Martinez filed a motion to dismiss in *State Farm Fire and Casualty Company v. Daxton Martinez,* No. 1:20-cv-01134 RB/SCY on abstention grounds in favor of the subsequently filed declaratory action case in state district court. After this case was removed to this Court, Mr. Martinez filed this motion to remand.

At issue in these declaratory judgment actions is whether the alleged physical manifestations of mental distress experienced by Daxton Martinez, such as sleeplessness and weight lost, constitute "bodily injury" under the polices providing Uninsured Motorist Coverage.

The Court entered an order to show cause in this case noting that the underlying state court tort case appeared to have settled as to Daxton Martinez. The Court noted as follows:

> There is a third case, an underlying state court tort action. The Court notes that the underlying state court tort action between these two parties appears to have settled on March 26, 2021. *See Daxton Martinez, Plaintiff Intervenors et al. v. State Farm Fire and Casualty Company*, D-101-cv-2017-02675 (First Judicial District Court, N.M), Stipulated Dismissal, March 26, 2021. The order of dismissal notes that "Plaintiff Intervenor's complaint… together with all other claims which could have been asserted therein, is dismissed with prejudice…" *Id.*, Order of Dismissal with Prejudice, March 29, 2021.

> The Court directs the parties to show cause why the two declaratory judgment actions in this court should not be dismissed. Daxton Martinez's Intervenor's Complaint raises a declaratory judgment action against State Farm. The parties should clarify whether the declaratory judgment actions in federal court overlap at all with the declaratory judgment action in the state court tort case.

> The parties should also indicate whether this matter has settled, or whether there is still an "actual controversy" for this Court to decide under 28 U.S.C. § 2201.

**Doc. 13.** The parties' joint status report was non-responsive to the Court's order to show cause. *See* **Doc. 14.** Neither party objected to nor corrected the facts asserted in the order to show cause.

It is therefore undisputed that Daxton Martinez and State Farm resolved their state court dispute. *See Daxton Martinez, Plaintiff Intervenors et al. v. State Farm Fire and Casualty Company*, D-101-cv-2017-02675 (First Judicial District Court, N.M), Stipulated Dismissal, March 26, 2021 ("Plaintiff Intervenor Daxton Martinez….and Defendant State Farm Fire and Casualty Company… hereby stipulate to dismissal with prejudice…. Plaintiff Intervenors' Complaint, together with all other claims which could have been asserted therein… and as grounds therefore state that the parties have resolved their dispute.").

Therefore, the Court assumes that there is no longer a pending state court case involving the parties, and that the declaratory action in Daxton Martinez's Intervenor Complaint in the state court case was not related to this one. Moreover, the Court assumes this matter has not yet settled.

## DISCUSSION

Plaintiff Daxton Martinez does not challenge the Court's jurisdiction over this case or whether removal was proper. Rather, Plaintiff argues that this case should be remanded to state court on abstention grounds. Plaintiff Daxton Martinez argues that the underlying dispute solely involves state law and should be decided by the New Mexico state courts. The Court disagrees. The Court will exercise its jurisdiction over this case and deny the abstention motion.

### I. **The Court will apply the *Brillhart/Mhoon* abstention doctrine.**

The Declaratory Judgment Act vests federal courts with power and competence to issue a declaration of rights. 28 U.S.C. § 2201. The question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts. *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). It is common for an insurer to seek declaratory judgment "against their insureds to determine the extent of coverage. Frequently such

suits are filed as stand-alone actions rather than cross-claims." *Gallegos v. Nevada Gen. Ins. Co.*, 248 P.3d 912, 914 (N.M. Ct. App. 2011).

This motion was filed while there was a pending state court case, which now appears to have settled. *Murphy, et al. v. Leal, et al.,* D-101-cv-2017-02675, First Judicial District Court, State of New Mexico. Plaintiff requests that the Court abstain and remand this case but does not specify which abstention doctrine the Court should use. Defendant uses the *Mhoon* factors, or the *Brillhart* standard. Plaintiff did not object to the use of the *Brillhart/Mhoon* standard and did not explain why the Court should use another standard. After the Court issued an order to show cause informing the parties of the settlement of the state court case, neither party moved to update the briefing or requested the Court apply a different standard. Therefore, the Court will apply *Brillhart/Mhoon*.

The discretionary standard under *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942) governs a district court's decision to stay a declaratory judgment during the pendency of parallel state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). District courts are "under no compulsion to exercise . . . jurisdiction" under the Declaratory Judgment Act, as "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494 (1942). This Court must consider whether the questions in controversy between the parties to this federal lawsuit "can better be settled in the proceeding pending in the state court." *Id.*; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995); *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002) (*Brillhart* standard applies when determining whether to abstain from action for declaratory relief).

In deciding whether to hear a declaratory judgment action, a court considers various factors, including:

> (1) whether a declaratory action would settle the controversy;
> (2) whether it would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";
> (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

(the "*Mhoon* factors"); *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)). No one factor is dispositive. *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002).

## II.     Analysis of *Mhoon* Factors.

The Court applies the *Mhoon* factors when deciding whether to abstain from hearing a declaratory action on state law issues.  *See State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994); *Runyon*, 53 F.3d at 1169.

### A.     First and Second *Mhoon* Factors.

The first two factors are (1) whether a declaratory action would settle the controversy; and (2) whether it would serve a useful purpose in clarifying the legal relations at issue.

The relevant inquiry here is "whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding."  *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495); *St. Paul Fire and Marine Insurance Co. v. Runyon,* 53 F.3d 1167, 1169 (10th Cir. 1995).

Here, neither party argues that the underlying state court *Murphy* case can resolve the issues in this declaratory judgment action.  Rather, both parties filed their own separate declaratory judgment actions.  In other words, both parties agree that the legal issues must be resolved outside the state court *Murphy* case.  Moreover, State Farm expressly stated that the state court *Murphy*

case did not involve the coverage issue posed in this matter.  **Doc. 9 at 6.**  Plaintiff did not dispute this assertion in its reply.

Moreover, neither party responded to the Court's order to show cause in which the Court noted that the state court tort case had settled as to Daxton Martinez's intervening complaint. **Docs. 13, 14.**  Neither party disputed the Court's representation of the relevant facts in the order to show cause.  ***Id.***  Therefore, the Court assumes there is no longer any state court case pending that could resolve the issues between the parties.

Plaintiff argues that this is a matter of state law which should be decided by a state court, but as explained below, Plaintiff has not shown that this case involves an issue of first impression.

Therefore, the Court concludes that (1) this action would settle the controversy; and (2) it would serve a useful purpose in clarifying the legal relations at issue.  Factors 1 and 2 therefore weigh in favor of exercising jurisdiction.

B.     Third *Mhoon* Factor: Procedural Fencing

The third factor concerns whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to "provide an arena for a race to res judicata."

Neither party has engaged in procedural fencing more than the other.  State Farm filed its declaratory action in federal court first, while Mr. Martinez subsequently filed his declaratory judgment action in state court.  State Farm removed this proceeding to federal court.  Therefore, this factor does not weigh toward abstention.

C.     Fourth and Fifth *Mhoon* Factors

The final factors in the analysis consider whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective.

The fourth *Mhoon* factor weighs in favor of invoking jurisdiction. There is no indication by the parties that the issues in state court tort case overlap with the insurance coverage issues in this case. *United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC*, No. 11-CV-0329-CVE-TLW, 2012 WL 208104, at *5 (N.D. Okla. Jan. 24, 2012) (finding that the *Mhoon* factors did not support declining jurisdiction because "[the] case [did] not present any substantial factual or legal issue ... litigated in the state court lawsuit."); *W. Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1234 (D.N.M. 2018) (finding no unnecessary friction between state and federal courts when the district court suit addressed "interpretation ... in the liability policies" and the related state court suit addressed a violation of a city ordinance.); *Nationwide Mutual Insurance Company v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1229 (D.N.M. 2015) (Browning, J.) (friction may exist with state courts where the same issues and parties are pending before the state court).

Neither party argues or has shown that the state court *Murphy* tort case involves the same or similar issues as in this case. Moreover, as noted above, the *Murphy* state court tort case appears to have settled at least as to Mr. Martinez's Intervenor Complaint. *See* **Doc. 13** (setting out proposed facts) and **doc. 14** (not addressing or objecting to proposed facts).

This case does not appear to involve an issue of first impression. Defendant cited to several New Mexico cases on whether physical manifestations of emotional injury constitutes bodily injury under an insurance contract. Plaintiff does not try to distinguish these cases or explain what other issue would be one of first impression in New Mexico. *See Hart v. State Farm Mut. Ins. Co.*, 2008-NMCA-132, 145 N.M. 18, 21, 193 P.3d 565, 568; *Econ. Preferred Ins. Co. v. Jia*, 2004-NMCA-076, 135 N.M. 706, 92 P.3d 1280; *Gonzales v. Allstate Ins. Co.*, 1996-NMSC-041, 122 N.M. 137, 921 P.2d 944; *Wiard v. State Farm Mut. Auto. Ins. Co.*, 2002-NMCA-073, 132 N.M. 470, 50 P.3d 565.

Finally, there is no alternative remedy. Plaintiff has not asserted that the coverage issues in this declaratory action can be decided in the underlying state court tort case. As noted above, the underlying state court tort case appears to have settled as to Mr. Martinez's intervenor's complaint. Therefore, there does not appear to be another pending proceeding in state court or an alternative remedy. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) ("Although the federal court is not required to refuse jurisdiction, it should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding.").

Therefore, the Court concludes that this declaratory action would neither increase friction between federal and state courts nor improperly encroach upon state jurisdiction. The fourth *Mhoon* factor weighs in favor of exercising jurisdiction.

As to the final *Mhoon* factor, there no longer appears to be any alternative remedy as the state court tort case has settled between the parties. Therefore, this factor weighs in favor of exercising jurisdiction.

Together, the *Mhoon* factors weigh in favor of exercising jurisdiction and denying the remand motion.

## III.     **Plaintiff's Arguments are unavailing**.

Even setting aside the *Mhoon* factors, the Court would exercise its discretion and decline to abstain from this declaratory judgment action. Plaintiff's arguments for abstention are not well-taken. Plaintiff requests that the Court consider the following factors:

In deciding whether to abstain, courts typically balance the following factors:

(a) the strength of the forum state's interest in having the issues raised in the federal action decided in the state's courts;
(b) whether issues raised in the federal action can more efficiently be resolved in state court; and

(c) whether permitting the federal action to go forward would result in
"unnecessary entanglement" between federal and state court systems.

*Aetna Cas. & Sur. Co. Ind-Com Elec. Co*., 139 F.3d 419, 423 (4th Cir. 1998). These factors were addressed above. Balancing these factors, the Court would not abstain from this proceeding. Plaintiff argues that the Court should abstain because this case involves state law issues which should be litigated in state court. As explained by Defendant, the issues in this case do not appear to be matters of first impression and the Court can apply state law. There is also no pending state court case. This Court regularly decides declaratory judgment actions when no pending state case exists.

**THEREFORE, IT IS ORDERED** that the Plaintiff's Motion to Remand **(Doc. 6)** is hereby **DENIED** for the reasons described in this Memorandum Opinion and Order.

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**