IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAXTON MARTINEZ,

    Plaintiff,

vs.                          Case No. 1:20-cv-01278-KWR-SCY

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

**THIS MATTER** comes before the Court upon Daxton Martinez's Motion for Reconsideration **(Doc. 17)**.

The Court issued an order to show cause directing the parties to address several issues before the Court ruled on a pending motion to remand. **Doc. 13.** The parties' response was non-responsive to the issues identified in the Court's order to show cause. **Doc. 14.** The Court subsequently entered an opinion denying Mr. Martinez's motion to remand. **Doc. 15.**

Mr. Martinez now asks the Court to reconsider on the basis of new information or misapprehension of the facts, noting that (1) this dispute between the parties has not settled in a separate state court proceeding (*Dennis Murphy et al v. Phillip Leal et al*, D-101-CV-2017-02675 First Judicial District Court, State of New Mexico) and (2) there is a pending state court case between the parties, *Martinez v. State Farm*, D-202-cv-2020-6140 (Second Judicial District Court, State of New Mexico).

The Court notes that Defendant had intervened in the First Judicial District Court *Murphy* case and asserted Negligent Infliction of Emotional Distress claims. In its response to the motion

to remand Defendant discussed the *Murphy* case and whether the Court should defer to the *Murphy* case, which was the underlying tort case.  **Doc. 9.**

Mr. Martinez has not provided new information that the Court did not already consider in its opinion **(Doc. 15),** as the Court assumed in the opinion that this dispute had not yet settled.  *See* **Doc. 15 at 3.**  Moreover, *Martinez v. State Farm*, D-202-cv-2020-6140 (Second Judicial District Court, State of New Mexico) is not currently pending in state court. That case is the *current case* which was removed to this Court.  The proceeding in the Second Judicial District Court, State of New Mexico is therefore closed and not pending.  Therefore, for the reasons stated in the Court's Memorandum Opinion and Order **(Doc. 15)**, the Court exercises jurisdiction over this case and declines to abstain.

In his motion to reconsider Mr. Martinez does not ask the Court to reconsider applying the *Mhoon* factors or ask that the Court apply some other abstention doctrine.  When the Court is asked to abstain under *Brillhart/Mhoon,* there is typically *another pending* state court case for the Court to defer to, such as an underlying tort case or another declaratory judgment action.  *See, e.g., Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980 (10th Cir. 2012); *see also United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC*, No. 11-CV-0329-CVE-TLW, 2012 WL 208104, at *5 (N.D. Okla. Jan. 24, 2012) (finding that the *Mhoon* factors did not support declining jurisdiction because "[the] case [did] not present any substantial factual or legal issue ... litigated in the state court lawsuit."); *W. Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1234 (D.N.M. 2018) (finding no unnecessary friction between state and federal courts when the district court suit addressed "interpretation ... in the liability policies" and the related state court suit addressed a violation of a city ordinance.); *Nationwide Mutual Insurance Company v. C.R.*

*Gurule, Inc.*, 148 F. Supp. 3d 1206, 1229 (D.N.M. 2015) (Browning, J.) (friction may exist with state courts where the same issues and parties are pending before the state court).

For insurance coverage issues, this is often the underlying tort case or another filed declaratory judgment action.  Currently, there is no pending state court case as *Martinez v. State Farm,* D-202-cv-2020-6140 was removed to this Court.  When this case was removed to this court, the state court case was closed. Mr. Martinez's argument therefore does not change how the Court would balance the *Mhoon* factors.  There is currently no state court proceeding to defer to, and Plaintiff does not challenge the Court's analysis that this is not an issue of first impression of state law.

Alternatively, even if this analysis is incorrect and there need not be a pending state court case to defer to, the Court would still balance the factors in the same manner and in its discretion exercise jurisdiction over this case.  In determining whether to exercise its discretion, the Court should consider the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata;* [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980–81 (10th Cir. 2012), citing *Mhoon,* 31 F.3d at 983 (quotations omitted).

Under Factors 1 and 2, this declaratory judgment action would settle the controversy and would serve a useful purpose in clarifying the legal relations at issue.  There is no pending state court tort case.

As to Factor 3, neither party has engaged in procedural fencing more than the other. *See* **Doc. 15 at 6.**

As to Factor 4, this declaratory judgment action would neither increase friction between federal and state courts nor improperly encroach upon state jurisdiction. There is no *other* pending state court case involving the same issues, such as an underlying tort case. Moreover, as noted in the Court's Memorandum Opinion and Order, this case does not appear to involve an issue of first impression of New Mexico law. In the opinion, the Court wrote as follows:

> Defendant cited to several New Mexico cases on whether physical manifestations of emotional injury constitutes bodily injury under an insurance contract. Plaintiff does not try to distinguish these cases or explain what other issue would be one of first impression in New Mexico. *See Hart v. State Farm Mut. Ins. Co.*, 2008-NMCA-132, 145 N.M. 18, 21, 193 P.3d 565, 568; *Econ. Preferred Ins. Co. v. Jia*, 2004-NMCA-076, 135 N.M. 706, 92 P.3d 1280; *Gonzales v. Allstate Ins. Co.*, 1996-NMSC-041, 122 N.M. 137, 921 P.2d 944; *Wiard v. State Farm Mut. Auto. Ins. Co.*, 2002-NMCA-073, 132 N.M. 470, 50 P.3d 565.

**Doc. 15 at 8.** Mr. Martinez did not explain in his motion to reconsider why that conclusion was incorrect or why this case in fact involves issues of first impression. This Court regularly addresses removed declaratory judgment actions involving state law issues and sees no reason why this case would create friction between federal and state cases or improperly encroach on state jurisdiction.

As to the Fifth Factor, Mr. Martinez has not shown that there is an alternative remedy which is better or more effective. There is no underlying tort case pending in state court which would resolve factual issues in this case. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) ("Although the federal court is not required to refuse jurisdiction, it should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."). Although the Court could remand this case, which would reopen the closed state court case, the Court sees no reason why doing so would be a better remedy.

Therefore, balancing the *Mhoon* factors, the Court will exercise jurisdiction over this case and declines to abstain.

**THEREFORE, IT IS ORDERED** that the Plaintiff's Motion to Reconsider (**Doc. 17**) is hereby **DENIED** for the reasons described in this Memorandum Opinion and Order.

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**